## GAINES vs TOLES.

Opinion delivered September 19, 1896.

*dgment In Forcible Entry and Detainer—Exemptions.*

> The plaintiff brought suit in unlawful detainer under § 3351 Mansfield's Digest, executed a bond and obtained a writ of possession under § 3352 of the said Digest. The jury brought in a verdict for the defendant and judgment was rendered against plaintiff and his bondsmen for $100.00 and costs. *Held*, That the judgment was based on a tort and not on a contract, and the statute exempting certain property from execution where the judgment is based on a contract, does not apply to this judgment and a supersedeas will not be issued to restrict an officer from levying an execution upon exempted property.

Appeal from the United States Court for the Southern trict.

C. B. KILGORE, Judge.

Henry Gaines filed a petition for a writ of mandamu
to compel J. W. Phillips as clerk of the United States Cou
for the Southern District to issue a writ of supersedeas to
execution on a judgment recovered by one Wm. Tol
against said Gaines. There was a judgment dismissing t
petition. Gaines appeals. Affirmed.

*Robert H. West* for appellant.

No one appears for appellee.

SPRINGER, C. J. The appellant, Henry Gain
brought suit in the United States court, Southern district
the Indian Territory, at Ardmore, against William Tol
appellee, for unlawful detainer, under section 3351 of Ma
field's Digest. The plaintiff in the suit below (the appell
in this case) executed a bond, and obtained a writ of p
session under section 3352 of said digest. On the trial
the case the jury brought in a verdict for the defendant,
assessed his damages at $100, and judgment was rende
against the plaintiff and his bondsman, Cullis Hawkins,
the sum of $100 and for all costs. On the —— day of Ja
ary, 1896 the appellee, William Toles, caused an executio
be issued on said judgment. The appellant, after giv
appellee, William Toles, five days' written notice, filed v
the clerk of the court below, J. W. Phillips, a schedule
all his property, together with the articles claimed by
as exempt, specified therein, on the 20th day of Janu
1896, and asked for a supersedeas restraining the mar
from selling any of said property so claimed as exempt
der said execution. The clerk refused to issue the su
sedeas. On January 22, 1896, appellant filed his petitio
the court betow, praying for a writ of mandamus to co

clerk to issue the writ of supersedeas as prayed for. the 30th day of January, 1896, the petition was heard in court below, and denied, and said petition dismissed. pellant excepted, and brought the cause to this court on peal.

The counsel for appellant assigns as error the judgment of the court to the effect that the plaintiff was not ened to any exemption in this case, and that the application for mandamus be dismissed. It is conceded that the y question involved in this case is this: whether the gment on which the execution was issued is based upon ntract, or upon a tort committed by the appellant. If nded upon a contract, the judgment of the court below uld be reversed; if upon a tort, it should be affirmed. s was not a suit on the contract embraced in the bond. was an action for unlawful detainer. If the plaintiff had vered against the defendant, in the suit in the court be-, damages for the unlawful detainer of the premises, judgment would unquestionably have been founded up- tort. But the jury found that the defendant had not guilty of unlawful detainer, but that the plaintiff had ngfully dispossessed him, and awarded him damages efor. The action was based on a tort, and the mere that the judgment was entered against the principal, plaintiff, and his surety on the bond, does not change nature of the demand upon which the judgment was re-red. The statutes exempting certain property from ution, where the judgment was based on a contract, not apply to cases in which the judgment is based upon wrongful or tortious acts of the defendant in execution. judgment of the court below is affirmed.

*Exemption Judgment on Tort.*

LEWIS, J., concurs,